IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JONATHAN DOMBROW, ) <br> ) <br>    Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> FREDERIC ACKER, GERILYN POLANSKI, ) <br> BERNARD J. HOWELL, BJH, LLC, WBG, LLC, ) <br> WBG, LLC Series A, WBG, LLC Series B, WBG, ) <br> LLC Series C, WBG, LLC Series D, WBG, LLC ) <br> Series E, WBG, LLC Series F, WBG, LLC Series G,) <br> WBG, LLC Series H, Asset 12, Inc., and Mazel 8, ) <br> LLC, ) <br> ) <br>    Defendants. ) | Case No. |

## COMPLAINT

NOW COMES the Plaintiff, Jonathan Dombrow, by and through his attorney, Matthew E. Peek, of ERWIN, MARTINKUS & COLE, LTD., and for his Complaint at Law states as follows:

### I. PRELIMINARY STATEMENT

1. Plaintiff, a finance professor, investor, shareholder in Asset 12, Inc., and member of WBG, LLC, and WBG, LLC, Series A through H, brings this action for damages, and punitive damages against Frederic ("Fred") Acker, Gerilyn Polanski, Bernard J. Howell, Asset 12, Inc., WBG, LLC, and WBG, LLC, Series A through H, and Mazel 8, LLC, and hereby alleges that Defendants 1) breached their fiduciary duty, 2) conspired together to defraud him of real property and substantial sums of money, 3) and did so by seeking and obtaining a judgment against him in the courts of Vermilion County, Illinois, through fraudulent pretenses.

2. The Plaintiff seeks an award of money damages and punitive damages, attorneys' fees, and pre- and post judgment interest to make him whole for the damages he suffered due to Defendants' violations of the law.

1

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction based on diversity jurisdiction pursuant to 28 U.S.C §§ 1332, where the Plaintiff and Defendants are citizens or corporations and companies incorporated or formed in separate states and the amount in question exceeds $75,000.00.

4. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C §§ 2201-2202.

5. Venue is proper in this judicial district pursuant to 28 U.S.C § 1391(b)(2) as a substantial number of the facts and events giving rise to Plaintiff's claims occurred in this judicial district and as Defendants maintain a business office within the jurisdiction, are incorporated under the laws of Illinois and transacted business within this jurisdiction. Plaintiff brings this Complaint in the Urbana Division, because the events giving rise to his claims occurred in Vermilion County.

## III. PARTIES

**A. Plaintiff**

8. During the relevant period, Plaintiff, Jonathan Dombrow;
   a. was a shareholder in Asset 12, Inc.,
   b. was a member of WBG, LLC, and WBG, LLC, Series A through H,
   c. jointly owned real estate with Frederic Acker and Gerilyn Polanski,
   d. had places of residence in Colorado, Indiana, and Florida with a primary residential address of Rockville, Indiana.

**B.   Defendant**s

9. Within the relevant time period, Defendants Frederic Acker and Gerilyn Polanski resided at 444 W. Aldine, Apt. 2E, Chicago, Illinois, conducted business within the judicial district and maintained business offices located at 202 S. 2nd Ave., Hoopeston, Vermilion County, Illinois, 701 Madison St., Danville, Vermilion County, Illinois and;
   a. were joint owners with Jonathan Dombrow of several parcels of real estate located in Vermilion County, Illinois.

b. were shareholders and officers/directors in Asset 12, Inc.

c. were members of WBG, LLC, and WBG, LLC, Series A through H.

d. were members/managers of BJH, LLC, assuming control of that entity from Bernard J. Howell on or about July 20, 2017.

e. were co-defendants in Vermilion County, Illinois, Case 2016-CH-15.

f. were banned from managing any corporation for ten years and eight years respectively from the date of judgment entered by the Supreme Court of Queensland, Australia, in Matter No. S4426 of 2003, declaring on June 5, 2006, that Fred Acker and Gerilyn Polanski were guilty of operating numerous unregistered investment schemes in Australia.

g. were personal guarantors, along with Jonathan Dombrow, of a Promissory Note executed on July 7, 2018, for the principal amount of $1,816,000.00.

h. were managers of Mazel 8, LLC.

i. Frederic Acker at all times relevant to this complaint was either a licensed real estate broker or licensed real estate managing broker registered with the Illinois Department of Financial and Professional Regulation.

10. Within the relevant time period, Defendant Bernard J. Howell,

a. resided at 2919 193rd St., Lansing, Cook County, Illinois,

b. was the sole manager of BJH, LLC, until control of that entity was transferred to Fred Acker and Gerilyn Polanski on or about July 13, 2017.

11. Within the relevant time period, Asset 12, Inc.,

a. Was a closely held Illinois domestic corporation incorporated on May 1, 2008 with Gerilyn Polanski listed as "President."

b. was the manager of WBG, LLC, and WBG, LLC, Series A through H,

12. Within the relevant time period, WBG, LLC,

a. Was an Illinois limited liability company formed on May 2, 2008 by Gerilyn Polanski as President of Asset 12, Inc.

b. had a principal business address of 444 W. Aldine, Apt. 2E, Chicago, Illinois, 60657.

c. was formed to manage various parcels of real estate which were the security for a mortgage taken out on July 7, 2008.

d. was a co-defendant in Vermilion County, Illinois, case 2016-CH-15.

13. Within the relevant time period, WBG, LLC, Series A through H;

a. were Illinois series limited liability companies formed on May 2, 2008, by Gerilyn Polanski as President of Asset 12, Inc.,

b. each had a principal business address of 444 W. Aldine, Apt. 2E, Chicago, Illinois, 60657.

c. were each formed as ownership companies to hold various parcels of real estate which were the security for a mortgage taken out on July 7, 2008.

d. were signatories, by Gerilyn Polanski as President of Asset 12, Inc., on a Promissory Note dated July 7, 2008, for the principal amount of $1,816,000.00.

e. were signatories, by Gerilyn Polanski as President of Asset 12, Inc., on a mortgage dated July 7, 2008, listing various parcels of real estate as security for the aforementioned Note.

f. were co-defendants in Vermilion County, Illinois, case 2016-CH-15.

14. Within the relevant time period, BJH, LLC;

a. was an Illinois limited liability corporation formed on May 16, 2017, by Bernard J. Howell, with a primary business address of 2919 193rd St., Lansing, Cook County, Illinois.

b. was formed for the express purpose of purchasing an assignment of the Promissory Note executed on July 7, 2008,

c. was substituted as Plaintiff in Vermilion County, Illinois, case 2016-CH-15, after purchasing said assignment,

d. was transferred to the control of Frederic Acker and Gerilyn Polanski on or about July 13, 2017.

15. Within the relevant time period, Mazel 8, LLC;

a. Was an Illinois limited liability company formed on May 31, 2008

b. had a principal business address of 444 W. Aldine, Apt. 2E, Chicago, Illinois,

      60657.

    c.    lists two individual managers: Fred Acker and Gerilyn Polanski.

    d.    purchased assignments of tax liens on various properties owned collectively by Jonathan Dombrow, Frederic Acker and Gerilyn Polanski, and then acquired tax deeds on those same properties.

### IV. STATEMENT OF FACTS

16.    In early May of 2008, Jonathan Dombrow entered into a business relationship with Frederic Acker and Gerilyn Polanksi whereby the parties formed a management corporation, Asset 12, Inc.; a property management limited liability company, WBG, LLC; and several holding companies, WBG, LLC, Series A through H, for the purpose of acquiring and managing rental properties in Vermilion County, Illinois.

17.    The parties applied for and took out a Note and Mortgage, dated July 7, 2008, with MB Financial Bank, N.A., and acquired 81 parcels of real estate in Vermilion County, Illinois.

18.    The Promissory Note (the "Note"), dated July 7, 2008, was entered into by WBG, LLC, Series A through H, and MB Financial Bank, N.A, and signed by Gerilyn Polanski as President of Asset 12, Inc., Manager for WBG, LLC, Series A through Series H.

19.    The Note was for a principal amount of $1,816,000.00, at an interest rate of 6.37%, with a maturity date of July 7, 2013. Monthly payments were to be $12,114.65 beginning on August 7, 2008.

20.    The Note was secured by a mortgage for 81 separate parcels of real estate located in Vermilion County, Illinois.

21.    The mortgage was signed and executed by Gerilyn Polanski as President of Asset 12, Inc., Manager for WBG, LLC, Series A through Series H.

22.    In addition to the Note and Mortgage, a Guaranty was also executed on July 7, 2008, through which Fred Acker, Gerilyn Polanski, and Jonathan Dombrow each agreed to personally guarantee performance of the Note.

23.    In June 2011, the original Note was endorsed to ColFin Bulls Funding A, LLC ,

pursuant to the Allonge to Note - 285069.

24. On March 26, 2012, the Note was endorsed to ColFin Bulls A Finance Sub, LLC, pursuant to an Endorsement and Allonge to Promissory Note.

25. On June 3, 2014, based upon an alleged default of the underlying Note, a forbearance agreement was entered into between Mark M. Hedstrom as Vice President of ColFin Bulls a Finance Sub, LLC, and Fred Acker as "Managing Member" of WBG, LLC, Series A through Series H.

26. Notwithstanding the forbearance agreement, the Note again went into default and ColFin Bulls A Finance Sub, LLC, filed an action for foreclosure of the note on February 9, 2016, and naming multiple defendants to include WBG, LLC; WBG, LLC, Series A through H, Fred Acker, Gerilyn Polanski, and Jonathan Dombrow, in Vermilion County case number 2016-CH-15.

27. The case continued procedurally until WBG, LLC WBG, LLC, Series A through Series H, Fred Acker and Gerilyn Polanski were ultimately served with process via the Eighth Alias Summons on January 24, 2017.

28. WBG, LLC, WBG, LLC, Series A through Series H, Fred Acker and Gerilyn Polanski moved, through their attorney Barb Delanois of Davis & Delanois, P.C., to quash service of process.

29. While this issue was being litigated, BJH, LLC, was formed on May 16, 2017, and purchased an assignment of the Note which was completed on May 26, 2017.

30. BJH, LLC, then moved, through attorney Terrance Miles, on June 1, 2017, to substitute as Plaintiff in place of ColFin Bulls A Finance Sub, LLC, based upon its ownership of the Note.

31. The Circuit Court of Vermilion County approved a stipulated order on June 6, 2017, substituting BJH, LLC, for Plaintiff ColFin Bulls A Finance Sub, LLC.

32. On June 26, 2017, the new Plaintiff, BJH, LLC, filed a stipulation personally dismissing defendants Fred Acker and Gerilyn Polanski.

33. On July 17, 2017, the Plaintiff filed a stipulation of dismissal against Defendants WBG, LLC, and WBG LLC series A through H.

34. On July 20, 2017, BJH, LLC, filed with the Illinois Secretary of State's office, an amendment to its articles of incorporation admitting Fred Acker and Gerilyn Polanski as new managers and withdrawing Bernard J. Howell and then changing the company's address to 444 W. Aldine, Apt. 2E, Chicago, Illinois. This amendment was signed by Gerilyn Polanski and dated July 13, 2017 .

35. On July 21, 2017, the Plaintiff filed a stipulation for substitution of counsel, substituting Barb Delanois for Terrance Miles.

36. On August 14, 2017, Plaintiff BJH, LLC, filed a stipulation for dismissal against Defendant Chris Albin.

37. Upon information and belief, Chris Albin was the second mortgagee with respect to the same properties subject to the original note and mortgage.

38. Upon information and belief, as part of his dismissal from the cause of action, Chris Albin wrote off the parties' debt to him and kept title to 42 parcels for which he was mortgagee.

39. On Sep. 20, 2017, the Plaintiff BJH, LLC, now controlled by Fred Acker and Gerilyn Polanski, re-issued summons for Jonathan Dombrow.

40. Jonathan Dombrow was served with summons on September 27, 2017.

41. After dismissing all other defendants, and not foreclosing on a single property that was subject to the Note assigned to BJH, LLC, BJH, LLC, filed to default Jonathan Dombrow on October 27, 2017, and said Order of Default was granted on November 6, 2017.

## COUNT I

### Breach of Fiduciary Duty- Acker, Polanski, WBG, LLC, WBG, LLC, Series A through H, Asset 12, Inc.

42. Plaintiff incorporates and re-alleges paragraphs 1 through 41 of this Complaint, as though set forth herein.

43. ""To recover for breach of a fiduciary duty, a plaintiff must prove that a fiduciary duty exists, that the fiduciary duty was breached, and that the breach proximately caused the injury of which the plaintiff complains." (citation omitted). A fiduciary relationship

exists where, by reason of friendship, agency, or business association and experience, trust and confidence are reposed by one party in another and the latter party gains an influence and superiority over the first as a result. (citation omitted)"

*Tully v. McLean*, 409 Ill. App. 3d 659, 948 N.E.2d 714 (1st Dist. 2011)

44. This Count arises from Defendants' actions as described more fully in paragraphs 1 — 41, *supra*.

45. Where Jonathan Dombrow was a shareholder of Asset 12, Inc., together with Gerilyn Polanski and Fred Acker, a fiduciary duty existed between him and the corporation as well as between him and Acker and Polanski.

46. Where Jonathan Dombrow as a member of WBG, LLC, and WBG, LLC, Series A through H, together with Gerilyn Polanski and Fred Acker, a fiduciary duty existed between him and the companies as well as between him and Acker and Polanski.

47. Defendants breached their fiduciary duty to Jonathan Dombrow by allowing the Note and mortgage to go into foreclosure, by dismissing all other defendants from Vermilion County case 2016-CH-15 and thus failing to pursue other avenues of collecting company debt, by failing to preserve company assets in releasing secured properties to Chris Albin, and by pursuing remedies against Jonathan Dombrow, individually, which rightfully attach also to Gerilyn Polanski, Fred Acker, WBG, LLC, and WBG, LLC, Series A through H.

48. The aforementioned breaches of fiduciary duty were the natural consequences of the conscious and deliberate actions of Defendants and, thus, were intentional, extreme and outrageous.

49. Jonathan Dombrow is damaged in the amount of the judgment that is being pursued against him by BJH, LLC, as well as his incidental and consequential damages, pre-judgment interest, post-judgment interest, attorneys fees, costs of this action, and all other amounts that this court deems to be due and owing.

## COUNT II

### Conspiracy - Bernard J. Howell and BJH, LLC

50. Plaintiff incorporates and re-alleges paragraphs 1 through 49 of this Complaint, as

though set forth herein.

51. Upon information and belief, Bernard J. Howell, when he formed or participated in the formation of BJH, LLC, did so willingly and at the behest of Fred Acker and Gerilyn Polanski.

52. Upon information and belief, Bernard J. Howell, knew that Acker and Polanski wanted to form the company as a means to surreptitiously purchase their own debt.

53. Upon information and belief, Bernard J. Howell, knew that Jonathan Dombrow was a business partner and/or associate of Acker and Polanski.

54. Bernard J. Howell's actions, personally and as sole manager of BJH, LLC, in assisting in the formation of BJH, LLC, purchasing the Note from ColFin Bulls A Finance Sub, LLC, substituting as plaintiff in Vermilion County case 2016-CH-15, and dismissing Fred Acker and Gerilyn, were acts taken in furtherance of the breaches of fiduciary duty committed by Fred Acker, Gerilyn Polanski, Asset 12, Inc., WBG, LLC, and WBG, LLC, Series A through H.

55. BJH, LLC's actions in dismissing all remaining defendants, other than Jonathan Dombrow, were acts taken in furtherance of the breaches of fiduciary duty committed by Fred Acker, Gerilyn Polanski, Asset 12, Inc., WBG, LLC, and WBG, LLC, Series A through H.

56. The aforementioned conspiratorial acts were the natural consequences of the conscious and deliberate actions of Defendants and, thus, were intentional, extreme and outrageous.

57. Jonathan Dombrow is damaged in the amount of the judgment that is being pursued against him by BJH, LLC, as well as his incidental and consequential damages, pre-judgment interest, post-judgment interest, attorneys fees, costs of this action, and all other amounts that this court deems to be due and owing.

## COUNT III
### Breach of Fiduciary Duty - Fred Acker, Gerilyn Polanski

58. Plaintiffs incorporate and re-allege paragraphs 1 through 50 of this Complaint, as

though set forth herein.

59. Jonathan Dombrow was a joint owner, together with Fred Acker and Gerilyn Polanski of various parcels of real estate located in Vermilion County, Illinois, and further identified as:

> a. Lot 6 in F.C. Harrison's Subdivision of Lots 10, 11 and 12 in Henry W. Myers Addition to Danville, Illinois, situated in Vermilion county, Illinois, and identified as Parcel Index Number ("PIN") 23-04-305-014-0040, and commonly known as 816 N. Kimball, Danville, IL 61832.
>
> b. Lot 10 in Joseph Bahl's Addition to Danville, as shown by Survey and Plat thereof recorded in Deed Record 44 Page 4 in the Recorder's Office of Vermilion County, Illinois, situated in Vermilion County, Illinois; and identified as PIN 23-01-306-023-0040 and commonly known as 802 Martin, Danville, IL 61832.
>
> c. Lot 154 in Tincher and English's 2nd Addition to Danville, situated in Vermilion County, Illinois; and identified by PIN 23-06-429-006-0040, and commonly known as 411 Sherman, Danville, IL 61832.
>
> d. Lot 12 in Block 7 in W.P. and J.G. Cannon's Subdivision located in the City of Danville, situated in Vermilion County, Illinois; and identified as PIN 23-10-107-012-0040, and commonly known as 112 Tennessee, Danville, IL 61832.
>
> e. Lot 41 in Baumgart's First Addition to Danville, situated in Vermilion County, Illinois; and identified as PIN 23-10-201-033-0040, and commonly known as 43 Tillman, Danville, IL 61832.
>
> f. Lot 130 in Fairweight Park Subdivision as shown by the Plat thereof recorded in Plat Record 3 page 265 of the records of Vermilion County, Illinois; and identified as PIN 23-03-315-013-0040, and commonly known as 5 N. State, Danville, IL 61832.
>
> g. Lot 5 in Block 6 in Theodore Niklas First Addition to Danville, situated in Vermilion County, Illinois; and identified as PIN 23-03-316-010-0040, and commonly known as 8 Nicklas, Danville, IL 61832.

60. Each of the aforementioned parcels was managed by Fred Acker and Gerilyn

Polanski who were in charge of collecting the rents therefrom and also paying taxes and expenses.

61. Fred Acker and Gerilyn Polanski failed to pay the real estate taxes due for each of the aforementioned properties and said properties were sold at tax auction.

62. Upon information and belief, Mazel 8, LLC, purchased assignments of the taxes from the tax buyer for each of the aforementioned properties and then secured tax deeds thereto.

63. At the time of the aforementioned acts, Fred Acker and Gerilyn Polanski were the managers of Mazel 8, LLC.

64. Where Johnathan Dombrow was a partner with respect to the aforementioned properties, together with Gerilyn Polanski and Fred Acker, a fiduciary duty existed between him and Acker and Polanski.

65. Defendants breached their fiduciary duty to Jonathan Dombrow by allowing the properties to go to tax sale, failing to provide notice to Dombrow, failing to redeem the delinquent taxes, purchasing an assignment of the same through an LLC managed by them, and then taking title all without compensation to Dombrow for his interest.

66. The aforementioned breaches of fiduciary duty were the natural consequences of the conscious and deliberate actions of Defendants and, thus, were intentional, extreme and outrageous.

67. Jonathan Dombrow is damaged in the amount of equity he held in the properties which was lost when the properties were deeded to Mazel 8, LLC, as well as his incidental and consequential damages, pre-judgment interest, post-judgment interest, attorneys fees, costs of this action, and all other amounts that this court deems to be due and owing.

## COUNT IV
### Conspiracy - Mazel 8, LLC

68. The Plaintiff incorporates and re-alleges paragraphs 1 through 67 of this Complaint, as though set forth herein.

69. Upon information and belief, at all times relevant to this complaint, Mazel 8,

LLC, is a manager managed limited liability corporate with no other members or managers other than Acker and Polanski.

70. Mazel 8, LLC, can only act at the direction of its members/managers.

71. Mazel 8, LLC, was used by Acker and Polanski to purchase assignments of tax liabilities for properties that were jointly owned by Acker, Polanski and Dombrow.

72. The actions of Mazel 8, LLC, in purchasing assignments of tax liabilities and obtaining tax deeds were in furtherance of Acker's and Polanski's breach of fiduciary duty with respect to property co-owned by them and Dombrow.

73. The aforementioned conspiratorial acts were the natural consequences of the conscious and deliberate actions of Defendants and, thus, were intentional, extreme and outrageous.

74. Jonathan Dombrow is damaged in the amount of equity he held in the properties which was lost when the properties were deeded to Mazel 8, LLC, as well as his incidental and consequential damages, pre-judgment interest, post-judgment interest, attorneys fees, costs of this action, and all other amounts that this court deems to be due and owing.

## Count V
### Breach of Fiduciary Duty - Fred Acker, Gerilyn Polanski, Asset 12, Inc.

75. The Plaintiff incorporates and re-alleges paragraphs 1 through 16 of this Complaint, as though set forth herein.

76. At all times relevant hereto, Asset 12, Inc., was a property management company doing business as 701 Property Rentals.

77. 701 Property Rentals had a business address of 701 W. Madison St., Danville, Vermilion County, Illinois.

78. 701 Property Rentals was the property management company through which Dombrow, Acker, Polanski, WBG, LLC, and WBG, LLC, Series A though H managed their Vermilion County real estate rentals, among other properties.

79. 701 Property Rentals was supposed to collect an 8 1/2 % management fee from the rents collected for each property it managed.

80. At no point did Fred Acker or Gerilyn Polanski ever pay the management fee to 701 Property Rentals for the properties they individually owned, or for properties they owned through other limited liability companies, that were managed by 701 Property Rentals.

81. 701 Property Rentals similarly did not collect management fees on other properties it managed which were owned by members of Fred Acker's immediate family or entities controlled by them or in which they held an interest.

82. ""To recover for breach of a fiduciary duty, a plaintiff must prove that a fiduciary duty exists, that the fiduciary duty was breached, and that the breach proximately caused the injury of which the plaintiff complains." (citation omitted). A fiduciary relationship exists where, by reason of friendship, agency, or business association and experience, trust and confidence are reposed by one party in another and the latter party gains an influence and superiority over the first as a result. (citation omitted)"
*Tully v. McLean*, 409 Ill. App. 3d 659, 948 N.E.2d 714 (1st Dist. 2011)

83. As a shareholder in the closely held corporation, Asset 12, Inc., d/b/a 701 Property Rentals had a fiduciary duty to Jonathon Dombrow.

84. Defendants breached their fiduciary duty to Jonathan Dombrow by failing to collect management fees for their own properties which were managed by Asset 12, Inc., and failing to collect management fees for other properties also managed by Asset 12, Inc.

85. The aforementioned breaches of fiduciary duty were the natural consequences of the conscious and deliberate actions of Defendants and, thus, were intentional, extreme and outrageous.

86. Jonathan Dombrow is damaged in the amount to be determined of unpaid dividends that would have been realized had Asset 12, Inc., collected all monies due to it, as well as his incidental and consequential damages, pre-judgment interest, post-judgment interest, attorneys fees, costs of this action, and all other amounts that this court deems to be due and owing.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, JONATHAN DOMBROW, prays that this Honorable Court

award him his damages of $2,500,000.00, plus attorneys fees, pre and post judgment interest, punitive damages of no less than $5,000,000,00, his costs to prosecute this action and for such other and further relief as this court deems just and appropriate.

## THE PLAINTIFF DEMANDS TRIAL BY JURY OF ALL ISSUES OF THIS COMPLAINT

                Respectfully submitted,
                JONATHAN DOMBROW,

BY:    s/ Matthew E. Peek
        Matthew E. Peek, his attorney

Matthew E. Peek Bar Number: 6313706
Attorney for Plaintiff
Erwin, Martinkus & Cole, Ltd.
411 West University Avenue
P.O. Box 1098
Champaign  IL  61824-1098
(217) 351-4040
FAX 217-351-4314
matthew.peek@erwinlaw.com